### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **CHRISTINA LYNN ROBBINS,** ) | |
| ) | |
| **Petitioner,** ) | |
| **v.** ) | **Civil Action No. 1:10-cv-01373** |
| ) | |
| **MYRON BATTS,** ) | |
| ) | |
| **Respondent.** ) | |

### MEMORANDUM OPINION AND ORDER

On December 10, 2010, Petitioner, acting *pro se* and incarcerated at FPC Alderson, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) Essentially, Petitioner challenges the validity of her conviction imposed by the Northern District of Indiana. Having considered Plaintiff's claims in this matter and circumstances apparent from the record of the proceedings in the Northern District of Indiana, the undersigned has concluded that this matter should be transferred to the Northern District of Indiana in the interest of justice pursuant to 28 U.S.C. § 1631.

### BACKGROUND

On August 26, 2009, Petitioner pled guilty in the United States District Court for the Northern District of Indiana to one count of mail fraud, in violation of 18 U.S.C. § 1341. United States v. Robbins, Criminal Action No. 3:09-0017 (N.D.In. Nov. 13, 2009). Petitioner was sentenced on November 10, 2009, to a 60-month term of incarceration to be served consecutively with the undischarged term of imprisonment in Case No. 3:07-cr-0120. Id., Document Nos. 17 - 20. The

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

District Court further imposed a 3-year term of supervised release. Id. Petitioner did not appeal her conviction or sentence.

Petitioner filed the instant Petition on December 10, 2010. (Document No. 1.) As grounds for *habeas* relief, Petitioner alleges that she "is innocent of the conduct for which she stands incarcerated as a result of the interpretation of § 1346 and its relation to § 1341 et seq. by the Supreme Court." Specifically, Petitioner contends that she is actually innocent of mail fraud and her conviction should be reversed based upon the "retroactivity of the Supreme Court's decisions in Skilling v. United States, ___ U.S. ___, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010), Black v. United States, ___ U.S. ___, 130 S.Ct. 2963, 177 L.Ed.2d 695 (2010), and Weyhrauch v. United States, ___ U.S. ___, 130 S.Ct. 2971, 177 L.Ed.2d 705 (2010)." On December 15, 2010, the Court notified Petitioner of its intention to re-characterize her Section 2241 Petition as a Section 2255 Motion pursuant to United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). (Document No. 3.) On January 3, 2011, Petitioner filed her "Response to December 15, 2010 Order" stating that she "consents to the re-characterization of my Application Under 28 U.S.C. 2241 for Writ of Habeas Corpus to a Motion to Set Aside, Modify or Vacate Sentence Pursuant to 28 U.S.C. § 2255." (Document No. 4.)

## DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee

2

v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

  Petitioner is requesting that her conviction be overturned because she is actually innocent based upon the "retroactivity of the Supreme Court's decisions in Skilling v. United States, ___ U.S. ___, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010), Black v. United States, ___ U.S. ___, 130 S.Ct. 2963, 177 L.Ed.2d 695 (2010), and Weyhrauch v. United States, ___ U.S. ___, 130 S.Ct. 2971, 177 L.Ed.2d 705 (2010)." Petitioner is therefore claiming that her conviction is invalid. Her assertions are in the nature of those typically considered under Section 2255. By Order and Notice entered on December 15, 2010, the Court notified Petitioner that her claims are ones properly considered under Section 2255, not Section 2241. (Document No. 3.) Subsequently, Petitioner advised the Court that she agreed that her Section 2241 Petition should be construed as a Section 2255 Motion.(Document No. 4.) Accordingly, in view of the nature of her claims and other considerations discussed above, the undersigned finds that Petitioner's claims in this matter must be considered under Section 2255. Section 2255 requires that proceedings must be initiated in the Court where sentencing occurred. Petitioner's sentencing occurred in proceedings in the Northern District of Indiana. This District Court does not have jurisdiction to consider Petitioner's claims. Jurisdiction with respect to the claims which Petitioner raised herein is therefore in the Northern District of Indiana.

  Consideration must be given to whether this matter should be dismissed or transferred to the

Northern District of Indiana. Title 28 U.S.C. § 1631 provides as follows respecting transferring civil actions:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

The undersigned has found from a study of case law that the transfer of a matter is "in the interest of justice" if the claims raised in the matter are sufficiently meritorious and/or the petitioner would be procedurally barred from raising them anew in the District with jurisdiction if they were dismissed in the District contemplating transfer.[2] See Wilson v. Williamson, 2006 WL 218203, * 2 (S.D.W.Va.)(Chief Judge Faber presiding). The undersigned finds that Petitioner's claims in this matter are deserving of consideration by the District Court with jurisdiction (the Northern District of Indiana), that the transfer of this matter is in the interest of justice and therefore warranted.

---

[2] Pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." The one-year limitation period begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

Accordingly, it is hereby **ORDERED** that this matter is **TRANSFERRED** to the Northern District of Indiana pursuant to 28 U.S.C. § 1631. The Clerk is directed to **REMOVE** this matter from the Court's docket.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to Petitioner, who is acting *pro se*, and the Clerk of the Court for the United States District Court for the Northern District of Indiana.

ENTER: January 4, 2011.

R. Clarke VanDervort
United States Magistrate Judge